IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:11-CV-599-BO

CLAUDE MOSSETTE BASS, )
    Plaintiff, )
 )
v. )
 )    O R D E R
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
    Defendant. )
 )

    Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 33]. For the reasons stated herein, counsel's motion is GRANTED.

### DISCUSSION

    Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past-due benefits paid to the plaintiff. Here, plaintiff's counsel has requested twenty-five percent of the plaintiff's past-due benefits. The government objects to this motion and argues that a lower fee should be awarded. This Court reviews the requested fee for reasonableness, and may reduce the fee if, for example, the attorney is responsible for a delay in the proceedings or the award would amount to a windfall to counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

    Plaintiff was awarded $96,051.00 in past due benefits, and his daughter was subsequently awarded $38,726.00 in past-due benefits. Plaintiff's counsel seeks an award of $27,694, or twenty-five percent of plaintiff's total past-due benefits minus $6,000 already administratively awarded to counsel. Counsel has submitted

documentation recording forty-two hours of attorney time and twenty hours of legal assistant time related to the representation of plaintiff before this Court and the Social Security Administration.

Under the circumstances of this case, the Court finds that an award of $20,955.40 yields a reasonable result. This case was a relatively straightforward social security claim, but the time recorded in handling this matter was substantial. As noted by the government, some of the forty-two hours spent by counsel would not otherwise be compensable. The Court finds that an award of twenty-percent of the total back-pay is reasonable here, resulting in an award of $26,955.40, minus the $6,000 already administratively awarded to counsel.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED, but the award is reduced to $20,955.40 for the reasons stated above. Upon receipt of the § 406(b) fee, plaintiff shall be reimbursed the EAJA fee of $4,797.18 earlier awarded to plaintiff's counsel.

SO ORDERED.

This the 18 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE